7-7441573
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ZIM-AMERICAN ISRAELI SHIPPING
CO., INC.,
                                      Plaintiff,

        - against -

XL SPECIALTY INSURANCE
COMPANY,

                                  Defendant.
------------------------------------------------------------X

05 CV 3300 (KAPLAN)

AMENDED
CIVIL COMPLAINT

RECEIVED
APR 07 2005
U.S.D.C. S.D. N.Y.
CASHIERS

        Plaintiff ZIM-AMERICAN ISRAELI SHIPPING CO., INC., by its attorneys, LAW OFFICES OF ALBERT J. AVALLONE & ASSOCIATES, as and for its Amended Complaint against defendant XL SPECIALTY INSURANCE COMPANY, in personam, in a cause of action civil and maritime, alleges upon information and belief:

        1. This is an admiralty and maritime claim within the meaning of 28 U.S.C. 1352, and the ZIM Bill of Lading.

        2. At all times hereinafter mentioned, plaintiff ZIM-AMERICAN ISRAELI SHIPPING CO., INC. ("ZIM") was and still is a corporation duly organized and existing under the laws of the State of New York with offices and a place of business at 5801 Lake Wright Drive, Norfolk, VA 23502.

        3. Upon information and belief and at all times hereinafter mentioned, defendant XL SPECIALTY INSURANCE COMPANY ("XL") was and still is a corporation organized and existing under the laws of the State of Illinois, and is a corporation doing business in the State of New York.

        4. On or about June 6, 2002, plaintiff obtained a judgment for $19,520.92 against HOUSE TO HOUSE INTERNATIONAL FREIGHT FORWARDERS, INC. ("H to H"). (A copy of the judgment is annexed hereto as Exhibit A.)

5. Defendant is the issuer of NVOCC Bond No. 7013700, which bond, inter alia, reimburses for claims against H to H for transportation related activities of the insured transportation intermediary.

6. Plaintiff's judgment is based on unpaid ocean freight due from the insured under Bond No. 7013700, H to H, and is therefore a valid claim against Bond No. 7013700.

7. Plaintiff has made claim against the bond, but has not been reimbursed.

8. Plaintiff has performed all acts required to be performed by plaintiff.

9. Defendant has failed and refused and continues to fail and to refuse to remit payment of $19,520.92, although duly demanded.

10. By reason of the foregoing, plaintiff has been damaged in the amount of $19,520.92 which, although duly demanded, has not been paid.

WHEREFORE, plaintiff prays:

1. For judgment in the amount of plaintiff's damages, together with interest thereon, costs, disbursements and a reasonable attorney's fee.

2. That process in due form of law according to the practice of this Court in cases of admiralty and maritime jurisdiction may issue against the defendant citing it to appear and answer all the singular matters aforesaid.

3. That plaintiff have such other and further relief in the premises as in law and justice it may be entitled to receive.

Dated: New York, New York
April 7, 2005

LAW OFFICES OF
ALBERT J. AVALLONE & ASSOCIATES

By_____
Albert J. Avallone - AA1679
Attorneys for Plaintiff
ZIM-AMERICAN ISRAELI SHIPPING CO., INC.
551 Fifth Avenue, Suite 1701
New York, NY 10176
(212) 696-1760

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-20438-CIV-MIDDLEBROOKS

ZIM-AMERICAN ISRAELI SHIPPING CO., INC.,

    Plaintiff,

vs.

HOUSE TO HOUSE INTERNATIONAL FREIGHT FORWARDERS, INC.,

    Defendant.



FILED by _____ D.C.

JUN 06 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## FINAL DEFAULT JUDGMENT

This Cause comes before the Court pursuant to Fed. R. Civ. P. 58, upon this Court's Order granting Plaintiffs' Motion for Final Default Judgment against Defendant issued on June 6, 2002, and for good cause shown. It is hereby ORDERED AND ADJUDGED that default judgment is entered in favor of the Plaintiff Zim-American Israeli Shipping Co., Inc. and against Defendant House to House International Freight Forwarders, Inc. upon the Complaint herein.

It is further ORDERED AND ADJUDGED that Plaintiff shall recover from the Defendant the amount of $19,520.92, representing the liquidated amount of $18,375.00 with interest at 8% from the respective dates due amounting to $950.92, plus the costs and disbursements of this action in the amount of $195.00.

DONE AND ORDERED in Chambers, in West Palm Beach, Florida this 6 day of June, 2002.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

EXHIBIT "A"